STATE OF NEBRASKA, APPELLANT, V. TED SALTZMAN, APPELLEE.

395 N.W.2d 530

Filed October 31, 1986.   No. 86-588.

Randy R. Stoll, Seward County Attorney, for appellant.

Bruce E. Stephens, for appellee.

GRANT, J.

This case comes before a single judge of this court by way of an appeal by the State from a ruling of the district court sustaining defendant's motion to suppress defendant's statements made to a Nebraska State Patrol investigator. Defendant's statements were made after the investigator told defendant that allegations had been made that defendant had committed certain acts supporting a possible offense of first degree sexual assault on a child. The facts of this case are much the same as those set out in the one-judge opinion in *State v. Meyers,* 223 Neb. 773, 393 N.W.2d 533 (1986). Indeed, the allegations against appellee concerned a young female child of the same family as that involved in *Meyers, supra.*

As was true in *Meyers,* I conclude that this review is controlled by the rule that the trial court's findings of fact in ruling on a motion to suppress evidence will not be overturned on appeal unless, given the totality of the circumstances, the findings are clearly wrong. *State v. LaChappell,* 222 Neb. 112, 382 N.W.2d 343 (1986); *State v. Bowersmith, ante* p. 6, 395 N.W.2d 527 (1986).

In this case the facts elicited at the hearing on defendant's motion to suppress showed the following. On February 5, 1986, at about 1 p.m., Chief Lowell Sellmeyer of the Milford Police Department telephoned appellee, Ted Saltzman, advising him that a state investigator was at the city hall in Milford and Saltzman could talk to him if he wanted to. A few days earlier, on January 30, 1986, Sellmeyer had received a report indicating that Saltzman might be sexually involved with an 11-year-old female. Saltzman apparently learned about this inquiry and contacted Sellmeyer at the police station. At some previous time Saltzman had expressed a desire to speak to a state investigator.

After Sellmeyer's call on February 5, Saltzman drove to city hall. There, Chief Sellmeyer introduced him to investigator Adler of the Nebraska State Patrol. Both Sellmeyer and Adler testified that Saltzman was not in custody at this time.

Investigator Adler advised Saltzman of the nature of the investigation, advised him that he was not under arrest, told

him that he was free to go at any time, and told him that if he did not want to answer any of Adler's questions, he did not have to. Adler also told him that if he did decide to talk to Adler, he would be free to leave at the conclusion of the interview. Saltzman testified that Adler told him that he could leave at any time and did not have to talk to him.

Saltzman agreed to talk to investigator Adler. They went to a room located in a hallway off of the police department. During this initial 45-minute interview, Saltzman admitted sexual involvement with a young female child. Adler testified that he made no threats or promises to Saltzman prior to obtaining these statements.

After Saltzman's initial statement, he and investigator Adler moved to a larger room so that a videotaped statement could be given. A video tape camera was activated, and Saltzman again related his sexual involvement with the child. At the conclusion of the videotaped statement, Saltzman was not arrested and was allowed to leave the Milford Police Department. The videotaped statement was received as an exhibit in the suppression hearing and was shown to this reviewing judge in the presence of counsel for the parties.

Appellee contends he was pressured into making his statements. He alleges that investigator Adler's voice went up when he questioned him. On cross-examination, however, Saltzman testified Adler's voice was not really loud and that Adler did not scream. Saltzman admitted that he generally gets nervous when speaking to the police, but also admitted that he was not physically threatened and was advised that he could leave.

For all the reasons set out in *State v. Bowersmith, supra*, it must be concluded that Saltzman was not in custody at the time he made his inculpatory statements to Adler and that the trial court's findings and rulings thereon are clearly wrong. The ruling appealed from is reversed.

REVERSED.